UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON



FILED

DEC 27 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

JEAN MARIE CRAIGO,

    Movant,

v.                             Case No. 2:01-cr-00203-01
                             (Case No. 2:03-cv-02226)

UNITED STATES OF AMERICA,

    Respondent.


### PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, the District Court referred Movant's Motion for a Correction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

Movant's (hereinafter referred to as "Defendant") Motion was filed on October 3, 2003 (docket sheet document # 42). She is serving a 108 month sentence upon her guilty plea to a one count information charging her with knowingly maintaining a place for the purpose of distributing cocaine base, in violation of 21 U.S.C. § 856(a)(1), to be followed by a three year term of supervised release. (Judgment in a Criminal Case, # 38, entered March 27, 2002.) The District Court also imposed a special assessment of $100.00, and waived imposition of a fine. Id. Defendant did not take a direct appeal.

1

Defendant's Motion argues that she is eligible for sentence reduction, based on United States Sentencing Guidelines § 3B1.2, Mitigating Role. (Motion, at 1.) Defendant received a two level reduction in her offense level, based on her minor role in the overall conspiracy to distribute crack cocaine. (Tr. Disp. Hrng., # 46, at 14.) She also received a three level reduction for acceptance of responsibility. The United States filed a Motion for Consideration of Downward Departure, (# 37), based on the fact that Defendant's Mirandized but uncounseled statements after her arrest increased her relevant conduct substantially. The presiding District Judge declined to exercise his discretion, and stated his reasons as follows:

> THE COURT: The Court observes that Ms. Craigo was immediately cooperative with the authorities; that so, too, were Mr. Montgomery and Ms. Poore. Apparently all of them immediately confessed their roles in the offense and apprised the authorities of the relevant conduct that has reached the level of some 463 grams total, including the offense of conviction.
>
> The Court is aware of the fact that Ms. Craigo, instead of insisting upon an attorney before speaking about any other activity, simply related what she understood the extent of the criminal activity to be, and had she not done so, it is possible that she may not have been subjected to such a high level of responsibility because of the relevant conduct aspect. That is by no means clear, however, because so, too, did Mr. Montgomery and Ms. Poore relate that degree of involvement, and as a consequence, Ms. Craigo may have been faced with precisely the same level of relevant conduct anyway.
>
> Under those circumstances, although Ms. Craigo is to be lauded for having immediately made known her role, the Court finds it insufficient to merit consideration for downward departure and will simply take it into account

> in determining where within the guideline range the sentence should be imposed. And consequently, the Court declines the suggestion to depart downward.

(Id., at 15-16.) Defendant's Total Offense Level was 29, Criminal History Category I, with a guideline range of 108 to 135 months. (Id., at 15.)

Reading the Motion liberally, the court understands it to be based upon the U.S. Sentencing Commission's amendment numbered 640, although she does not cite to that amendment explicitly. (Motion, at 1-2.) The court has concluded that Defendant intends to invoke amendment 640, effective November 1, 2002, because she received a downward adjustment for having played a minor role in the offense, she notes that Section 2D1.1(a)(3) was amended, and she quotes that the amendment provides for a maximum offense level of 30. Amendment 640 includes a provision that restricts an offense level for controlled substance offenses, under certain circumstances, to level 30, if a person receives an adjustment under § 3B1.2 (Mitigating Role).

The United States filed a response, asserting that Amendment 640 may not be applied retroactively to Defendant's sentence. (Response, # 49, at 4-5.)

Defendant filed an Answer, in which she contends that Amendment 640 "has not been precluded from being applied retroactively" to her sentence. (Answer, # 50, at 2.) She argues that the failure to apply Amendment 640 to her sentence "would

3

effectively be denial of Movant Craigo's expectation of being treated equally under the law as those who are similarly situated." (Id.)

> Simply put, if Movant Craigo had been sentenced on November 2, 2002 rather than on March 27, 2002, the government would offer no objection to her receiving benefit of Amendment 640. Therefore, Movant Craigo argues that she had no responsibility or control in the determination of when she would be sentenced only the government could and did control that factor; the government controlling that factor would be causal in any prejudice to deny retroactive application of USSG Amendment 640.

(Id.)

The Supreme Court has upheld the power of the Sentencing Commission to decide whether and to what extent particular amendments to the guidelines are retroactive. Braxton v. United States, 500 U.S. 344, 348 (1991). Ms. Craigo is correct that a person who was sentenced on October 31, 2002, could receive a different sentence, on the same facts, as a person sentenced on November 1, 2002. However, the Supreme Court has determined that such a situation implicates neither the Due Process Clause nor the Equal Protection Clause. In addressing the weight of LSD "carrier," a factor which some insist is arbitrary, the Court wrote:

> Every person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees. But a person who *has* been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his

4

offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. In this context, . . . an argument based on equal protection essentially duplicates an argument based on due process.

Chapman v. United States, 500 U.S. 453, 465 (1991). [Citations omitted.]

Title 18, United States Code, Section 3582(c) provides as follows:

> **(c) Modification of an imposed term of imprisonment.** The court may not modify a term of imprisonment once it has been imposed except that -
>
> * * *
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (West 2002).

On November 1, 2002, the Sentencing Commission adopted Amendment 640, which changes the base offense level under USSG §2D1.1(a)(3) for a defendant who receives a §3B1.2 adjustment for mitigating role. The Sentencing Commission did not, however, authorize courts to use Amendment 640 to reduce sentences already imposed, pursuant to 18 U.S.C. § 3582(c)(2). See USSG §1B1.10(c)

5

(2002 ed.) Section 1B1.10(a) provides as follows:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) <u>is not consistent with this policy statement and thus is not authorized</u>.

USSG §1B1.10(a) (2002 ed.) [Emphasis added.] Amendment 640 is <u>not</u> listed in USSG §1B1.10(c). <u>Id.</u> In an unpublished opinion, the Fourth Circuit found "that Amendment 640 to U.S.S.G. § 2D1.1(a)(3) is a substantive amendment and that the Sentencing Commission did not intend that it be retroactively applied." <u>United States v. Smith</u>, No. 03-6600, 68 Fed. Appx. 514, 2003 WL 21666667 (4th Cir. July 17, 2003).

Accordingly, the court proposes that the presiding district judge find that it lacks authority to grant Defendant's motion because Amendment 640 may not be used to reduce Defendant's sentence, and because the court "may not modify a term of imprisonment once it has been imposed."

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding district judge deny Defendant's Motion pursuant to 18 U.S.C. § 3582.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.. Pursuant to the provisions of

Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant/Movant, Jean Marie Craigo, and to counsel of record.

Dec 27, 2004
Date

Mary E. Stanley
United States Magistrate Judge